COPY

Mika Hilaire, Esq. SBN: 212263
David McGriff, Esq. SBN: 212270
Vamsi Vemuru, Esq. SBN: 286376
HILAIRE MCGRIFF, PC
601 S. Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone: (213) 330-4260 Facsimile: (213) 402-5577
mika@hmpclaw.com
david@hmpclaw.com
vamsi@hmpclaw.com

Attorneys for Plaintiff LEWIS GRAY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 13 2017

Sherri R. Carter, Executive Officer/clerk
By Shaunya Bolden, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

LEWIS GRAY, an individual,

Plaintiff,

vs.

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a governmental entity; and Does 1 through 50, inclusive,

Defendants.

**CASE NO.:** BC 675600

**COMPLAINT FOR:**

1. **ASSAULT;**
2. **BATTERY;**
3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**
4. **VIOLATION OF CIVIL RIGHTS (42 USC 1983); and**
5. **VIOLATION OF RIGHTS UNDER THE BANE ACT (CALIFORNIA CIVIL CODE 52.1)**

**DEMAND FOR JURY TRIAL**

Plaintiff LEWIS GRAY complains and pleads as follows:

## GENERAL ALLEGATIONS

1. At all times relevant herein, Plaintiff LEWIS GRAY ("Plaintiff") was and now is an individual residing in the County of Los Angeles, State of California.

2. At all times relevant herein, Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT was and now is a governmental entity, with its principal place of business located at 211 W. Temple Street, Los Angeles, CA 90012.

3. The true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, are unknown to Plaintiff, but Plaintiff will amend this Complaint when and if the true names of said Defendants become known to him. Plaintiff is informed and believes and based thereon alleges that each of the Defendants sued

HILAIRE MCGRIFF PC
601 S. Figueroa Street, Suite 4050
Los Angeles, CA 90017
Telephone: 213.330.4260

herein as a Doe is responsible in some manner for the events and happenings herein set forth and proximately caused injury and damages, and any reference to "Defendant" shall mean "Defendant and each of them."

## FACTUAL ALLEGATIONS

4. On the night of July 27, 2016, Plaintiff was returning to his residence on Magnolia Street in Compton, CA. Plaintiff was driving his girlfriend's Jeep. Plaintiff was traveling on Compton Blvd. and going the speed limit. Plaintiff signaled and made a left hand turn onto Matthisen St.

5. As Plaintiff continued his turn onto Matthisen St. he suddenly saw lights flashing. He decided not to stop right there, but instead pulled in front of his house which was less than a block away. He pulled in front of his neighbor's house (under a street lamp) and put his hands out of the driver's side window. A Latina officer in her late 20s/30s approached his car. Plaintiff asked her why she pulled him over. The officer responded that Plaintiff was speeding. Plaintiff knew that he had not been speeding but did not argue with the officer.

6. The officer instructed Plaintiff to turn the car engine off. Plaintiff asked the officer if she was sure it would be okay for him to put his hands back inside the car window. He turned off his car and puts his hands back outside of the driver's side window. The officer then asked Plaintiff to step outside of the car, and again Plaintiff asked the officer to make sure it was okay for him to put his hands back inside the car so that he could unbuckle his seatbelt. Plaintiff then stepped outside of the car and put his hands as far up as possible.

7. The same officer told Plaintiff to put his hands behind his back. Plaintiff responded by asking the officer if he was speeding why he was not just issued a ticket instead of having to put his hands behind his back. The officer then grabbed Plaintiff and tried to force his left arm behind his back.

8. Another officer, a Latino approximately late 30s, approached the car and tackled Plaintiff on his right side and he landed in the street on his face. Plaintiff lost

HILAIRE MCGRIFF PC
601 S. Figueroa Street, Suite 4050
Los Angeles, CA 90017
Telephone: 213.330.4260

consciousness for a moment and sustained injuries to his face, right arm and right elbow.

9. The officers stood Plaintiff up and tried to roughly force him into the car. Plaintiff asked why he was being tackled as they tried to get him into the car. Neither officer responded to Plaintiff's question.

10. Another officer, a White/Hispanic male in his 30s, and his partner, a White male, tried to deescalate the situation. Plaintiff complied with the officer and got in the vehicle.

11. Plaintiff spent about 15 minutes detained in the back of the vehicle. During this time his 18 year old son and young daughter witnessed his detainment. They then took Plaintiff to the Compton Station, next to the Compton Courthouse. The officer who tackled Plaintiff glared at him as he walked by.

12. At the Compton Station, a higher ranking officer, an Asian male in his 40s or 50s, took Plaintiff for medical treatment at a nearby medical facility and cleaned up the blood. He then took a video interview for approximately 5-10 minutes. During the drive back to the Compton Station from the medical facility, the officers received a call about a shooting in Lynwood and dropped Plaintiff off at the station in Lynwood. Plaintiff was placed into a holding tank.

13. Hours went by in the tank. Plaintiff could not eat any of the food due to the fact that he is diabetic. Plaintiff was not released until 7:00pm the next day.

14. Plaintiff missed about a week of work due and experienced headaches that lasted about a week to a week and a half. Plaintiff sustained a concussion and an injury to his right elbow. Plaintiff continued to experience pain at work, has not been able to participate in many of his hobbies, including golf, due to the injuries sustained in the incident and has been traumatized by the aforementioned violation of his civil rights, loss of enjoyment, and could not do any weight lifting. Plaintiff's daughter Sydney has also been affected.

15. Plaintiff has exhausted his administrative remedies by filing a Notice of Claim Against Governmental or Public Entity. Plaintiff's Notice of Claim and response

HILAIRE MCGRIFF PC
601 S. Figueroa Street, Suite 4050
Los Angeles, CA 90017
Telephone: 213.330.4260

from the County of Los Angeles is attached hereto as Exhibits A and B.

**FIRST CAUSE OF ACTION**

**ASSAULT**

**(Against all Defendants)**

16. All factual allegations of this complaint are re-alleged and incorporated by reference.

17. To establish the claim of Assault, Plaintiff must prove all of the following: (1) that Defendant acted, intending to cause harmful contact; and (2) that Plaintiff reasonably believed that he was about to be touched in a harmful manner.

18. By their conduct, Defendant committed Assault against Plaintiff when the officer intended to physically attack Plaintiff and Plaintiff's belief, prior to the physical attack, that he would be physically attacked.

19. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

20. As a further proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer from humiliation, embarrassment, emotional distress and mental anguish, all to his damage in an amount according to proof at the time of trial.

21. In doing the acts herein alleged, Defendants acted with oppression, malice, and in the conscious disregard of Plaintiff's rights, entitling Plaintiff to monetary damages in an amount according to proof at the time of trial, and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

**BATTERY**

**(Against all Defendants)**

22. All factual allegations of this complaint are re-alleged and incorporated by reference.

23. To establish the claim of Battery, Plaintiff must prove all of the following: (1)

HILAIRE MCGRIFF PC
601 S. Figueroa Street, Suite 4050
Los Angeles, CA 90017
Telephone: 213.330.4260

that Defendant touched Plaintiff with the intent to harm or offend him; (2) that Plaintiff did not consent to the touching; (3) that Plaintiff was harmed Defendant's conduct; and (4) that a reasonable person in Plaintiff's situation would have been harmed by the touching.

24. By their conduct, Defendant committed Battery against Plaintiff when the officer on the scene punched and tackled Plaintiff causing him to bleed profusely.

25. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

26. As a further proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer from humiliation, embarrassment, emotional distress and mental anguish, all to his damage in an amount according to proof at the time of trial.

27. In doing the acts herein alleged, Defendants acted with oppression, malice, and in the conscious disregard of Plaintiff's rights, entitling Plaintiff to monetary damages in an amount according to proof at the time of trial, and reasonable attorneys' fees and costs.

HILAIRE MCGRIFF PC
601 S. Figueroa Street, Suite 4050
Los Angeles, CA 90017
Telephone: 213.330.4260

**THIRD CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against all Defendants)**

28. All factual allegations of this complaint are re-alleged and incorporated by reference.

29. The conduct of Defendant as set forth above was so extreme and outrageous that it exceeded the boundaries of a decent society and lies outside the compensation bargain. Said conduct was intended to cause Plaintiff severe emotional distress, or was done in conscious disregard of the probability of causing severe emotional distress. Said conduct was also in direct violation of California public policy

30. As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.



{HM00029262 }

31. As a further proximate result of Defendant's wrongful conduct, Plaintiff has suffered and continues to suffer from humiliation, embarrassment, emotional distress and mental anguish, all to his damage in an amount according to proof at the time of trial.

32. In doing the acts herein alleged, Defendants acted with oppression, malice, and in the conscious disregard of Plaintiff's rights, entitling Plaintiff to monetary damages in an amount according to proof at the time of trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CIVIL RIGHTS (42 USC 1983)**

**(Against all Defendants)**

33. All factual allegations of this complaint are re-alleged and incorporated by reference.

34. Defendant violated Plaintiff's constitutional right under the Fourth Amendment when the officer used excessive force against Plaintiff by punching and tackling Plaintiff simply because Plaintiff asked why he was being asked to get out of the car and place his hands behind his back for a simple traffic violation.

35. As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

36. As a further proximate result of Defendant's wrongful conduct, Plaintiff has suffered and continues to suffer from humiliation, embarrassment, emotional distress and mental anguish, all to his damage in an amount according to proof at the time of trial.

37. In doing the acts herein alleged, Defendants acted with oppression, malice, and in the conscious disregard of Plaintiff's rights, entitling Plaintiff to monetary damages in an amount according to proof at the time of trial, and reasonable attorneys' fees and costs.

///

///

///

HILAIRE MCGRIFF PC
601 S. Figueroa Street, Suite 4050
Los Angeles, CA 90017
Telephone: 213.330.4260

**FIFTH CAUSE OF ACTION**

**VIOLATION OF RIGHTS UNDER THE BANE ACT (California Civil Code 52.1)**

**(Against all Defendants)**

38. All factual allegations of this complaint are re-alleged and incorporated by reference.

39. Defendant violated Plaintiff's constitutional right under the Fourth Amendment when the officer used excessive force against Plaintiff by punching and tackling Plaintiff simply because the Plaintiff asked why he was being asked to get out of the car and place his hands behind his back for a simple traffic violation.

40. As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

41. As a further proximate result of Defendant's wrongful conduct, Plaintiff has suffered and continues to suffer from humiliation, embarrassment, emotional distress and mental anguish, all to his damage in an amount according to proof at the time of trial.

42. In doing the acts herein alleged, Defendants acted with oppression, malice, and in the conscious disregard of Plaintiff's rights, entitling Plaintiff to monetary damages in an amount according to proof at the time of trial, and reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendants, and each of them, according to proof, as follows:

a. For general and special damages, including lost and future wages and benefits, in a sum in excess of the minimum jurisdictional limit of this Court, according to proof at trial;

b. For interest at the maximum legal rate;

c. For reasonable attorney's fees;

d. For costs of suit incurred herein; and

HILAIRE MCGRIFF PC
601 S. Figueroa Street, Suite 4050
Los Angeles, CA 90017
Telephone: 213.330.4260

e. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial on the claims so triable.

Dated: September 13, 2017

**HILAIRE MCGRIFF, PC**

By

**DAVID MCGRIFF, ESQ.**
Attorneys for Plaintiff LEWIS GRAY

HILAIRE MCGRIFF PC
601 S. Figueroa Street, Suite 4050
Los Angeles, CA 90017
Telephone: 213.330.4260

# EXHIBIT A

(This space reserved for official date/file stamp)

**NOTICE OF CLAIM AGAINST GOVERNMENTAL OR PUBLIC ENTITY**
(Government Code § 910)

TO: COMPTON SHERIFF'S DEPARTMENT

LEWIS GRAY, hereby makes a claim for damages against COMPTON SHERIFF'S DEPARTMENT and makes the following statements in support of such claim:

1. Claimant's address is:

Lewis Gray
528 W. Magnolia Street
Compton, CA 90220

2. Notices concerning the claim should be sent to:

Mika M. Hilaire
David C. McGriff
Hilaire McGriff PC
601 S. Figueroa St., Suite 4050
Los Angeles, CA 90017

3. The date and place of the occurrence giving rise to this claim are:

July 27 through July 28, 2016 predominantly in the 500 block of West Magnolia in Compton, CA.

4. The circumstances giving rise to this claim are:

On the night of July 27, 2016, Mr. Gray was returning to his residence on Magnolia Street in Compton, CA. Mr. Gray was driving his girlfriend's Jeep. Mr. Gray was on traveling on Compton Blvd. and going the speed limit. Mr. Gray signaled and made a left hand turn onto Matthisen St.

As Mr. Gray continued his turn onto Matthisen St. he suddenly saw lights flashing. He decided not to stop right there, but instead pulled in front of his house which was less than a block away. He pulled in front of his neighbor's house (under a street lamp) and put his hands out of the driver's side window. A Latina officer in her late 20s/30s approached his car. Mr. Gray asked her why she pulled him over. The officer responds that Mr. Gray was speeding. Mr. Gray knew that he had not been speeding but did not

argue with the officer.

The officer instructs Mr. Gray to turn the car engine off. Mr. Gray asked the officer if she was sure it would be okay for him to put his hands back inside the car window. He turned off his car and puts his hands back outside of the driver's side window. The officer then asked Mr. Gray to step outside of the car, and again Mr. Gray asked the officer to make sure it was okay for him to put his hands back inside the car so that he could unbuckle his seatbelt. Mr. Gray then stepped outside of the car and put his hands as far up as possible.

The same officer told Mr. Gray to put his hands behind his back. Mr. Gray responded by asking the officer if he was speeding why he was not just issued a ticket instead of having to put his hands behind his back. The officer then grabbed Mr. Gray and tried to force his left arm behind his back.

Another officer, a Latino approximately late 30s, approached the car and tackled Mr. Gray on his right side and he landed in the street on his face. Mr. Gray lost consciousness for a moment and sustained injuries to his face, right arm and right elbow.

The officers stood Mr. Gray up and tried to roughly force him into the car. Mr. Gray asked why he was being tackled as they tried to get him into the car. Neither officer responded to Mr. Gray's question.

Another officer, a White/Hispanic male in his 30s, and his partner, a White male; tried to deescalate the situation. Mr. Gray complied with the officer and got in the vehicle.

Mr. Gray spent about 15 minutes detained in the back of the vehicle. During this time his 18 year old son and year old daughter witnessed his detainment. They then took Mr. Gray to the Compton Station, next to the Compton Courthouse. The officer who tackled Mr. Gray glared at him as he walked by.

At the Compton Station, a higher ranking officer, an Asian male in his 40s or 50s, took Mr. Gray for medical treatment at a nearby medical facility and cleaned up the blood. He then took a video interview for approximately 5-10 minutes. During the drive back to the Compton Station from the medical facility, the officers received a call about a shooting in Lynwood and dropped Mr. Gray off at the station in Lynwood. Mr. Gray was placed into a holding tank.

Hours went by in the tank. Mr. Gray could not eat any of the food due to the fact that he is diabetic. Mr. Gray was not released until 7:00pm the next day.

Mr. Gray missed about a week of work due and experienced headaches that lasted about a week to a week and a half. Mr. Gray sustained a concussion and an injury to his right elbow. Mr. Gray continued to experience pain at work, has not been able to participate in many of his hobbies, including golf, due to the injuries sustained in the

incident and has been traumatized by the aforementioned violation of his civil rights, loss of enjoyment, and could not do any weight lifting. Mr. Gray's daughter Sydney has also been affected.

5. A general description of the injury and damage incurred, so far as it is known at this time is as follows:

   Mr. Gray has causes of action for: 1) Assault; 2) Battery; 3) False Arrest; 4) False Imprisonment; 5) Negligence; 6) Intentional Infliction of Emotional Distress; 7) 42 USC 1983; and 8) California Civil Code 52.1.

   Mr. Gray's damages include, but are not limited to: general and special damages including lost wages, emotional distress, costs, attorney's fees, and exemplary and punitive damages.

6. The names of the public employees causing claimant's injuries and damages are:

   Unknown at this time.

7. Jurisdiction of the claim would lie in:

   Los Angeles County Superior Court.

Dated: January 27, 2017

**Hilaire McGriff PC**

By ______________________

**DAVID MCGRIFF**
Attorneys for Claimant Lewis Gray

# EXHIBIT B



COUNTY OF LOS ANGELES
OFFICE OF THE COUNTY COUNSEL
648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

MARY C. WICKHAM
County Counsel

March 13, 2017

Mika M. Hilaire, Esq.
David C. McGriff, Esq.
HILAIRE McGRIFF PC
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017

| Re: | **Claim Presented:** | **January 25, 2017** |
|---|---|---|
| | **File Number:** | **17-1135052*001** |
| | **Your Client:** | **Lewis Gray** |

Dear Counselors:

Notice is hereby given that the claim that you presented to the County of Los Angeles, Board of Supervisors on **January 27, 2017**, was rejected by operation of law on **March 13, 2017**. No further action will be taken on this matter.

WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

This time limitation applies only to causes of action for which Government Code Sections 900 - 915.4 require you to present a claim. Other causes of action, including those arising under federal law, may have different time limitations.

HOA.101562191.1

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Very truly yours,

MARY C. WICKHAM
County Counsel

By [signature]
KEVIN ENGELIEN
Deputy County Counsel
General Litigation Division

KE:ce

# PROOF OF SERVICE

File No. 17-1135052*001

STATE OF CALIFORNIA, County of Los Angeles:

Carolyn Edwards states: I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action. My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713

That on **March 14, 2017**, I served the attached

**NOTICE OF DENIAL LETTER**

upon Interested Party(ies) by placing ☒ the original ☐ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

Mika M. Hilaire, Esq.
David C. McGriff, Esq.
HILAIRE McGRIFF PC
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

(1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☒ placed the envelope for collection and mailing, following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 14, 2017**, at Los Angeles, California.

| Carolyn Edwards | Carolyn Edwards |
|---|---|
| (NAME OF DECLARANT) | (SIGNATURE OF DECLARANT) |